UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARSHA JAMESON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 09-10 (PLF) |
| UNITED STATES POST OFFICE *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

ORDER TRANSFERRING CASE

Plaintiff, proceeding *pro se* and *in forma pauperis,* filed a complaint alleging employment discrimination under several provisions of federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Title VII cases are governed by a special venue statute which provides in pertinent part that

> [s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 200e-5(f)(3).

The defendant has moved for this action to be dismissed for improper venue or to be transferred to the United States District Court for the Eastern District of Virginia, where venue

would be proper.  In support, defendant filed a declaration stating that plaintiff worked for defendant in its Office of Inspector General in Arlington, Virginia, that plaintiff's job reassignments, changes in title, and ultimate termination from employment occurred in Arlington, and that plaintiff's employment records are maintained in the Arlington office.  *See* Defendant's Motion to Dismiss or Transfer, Ex. 1, Declaration of Sharon Gibson ¶¶ 2, 4-7, 9.  Plaintiff's response confirms that she worked in the defendant's Arlington office.  *See* Plaintiff's Response To Show Cause Order at 2.  Plaintiff does not offer any facts that contradict the other statements in defendant's declaration.

On the record facts, the Court concludes that venue is not proper in this district, and is proper in the Eastern District of Virginia.  Accordingly, it is hereby

ORDERED that the defendant's motion to dismiss for improper venue be, and hereby is, DENIED; it is

FURTHER ORDERED that defendant's alternative motion to transfer be, and hereby is, GRANTED; and it is

FURTHER ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case be, and hereby is, TRANSFERRED to the United States District Court for the Eastern District of Virginia.

The Clerk of Court is directed to close this case in this district.

/s/_____
PAUL L. FRIEDMAN
DATE: May 1, 2009                                         United States District Judge